IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Civil Action No. 12-cv-02160-LTB

DARRICK LOVE,

    Applicant,

v.

TOM CLEMENTS, Executive Director, CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO DISMISS IN PART AND FOR ANSWER

---

I.  Background

    Applicant Darrick Love is in the custody of the Colorado Department of Corrections (DOC) at the Kit Carson Correctional Facility in Burlington, Colorado. Applicant, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1.  In an order entered on August 20, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of these affirmative defenses in this action.

    On October 12, 2012, Respondents filed a Pre-Answer Response, ECF No. 11. Applicant filed a Reply, ECF No. 16, on November 20, 2012.

    A summary of the state proceedings in the criminal case at issue in this action, Case No. 99CR4911, is taken from the Colorado Court of Appeals' (CCA's) opinion in Applicant's direct appeal and set forth below.

> In 1999, the People charged defendant with first degree murder after deliberation, felony murder, and robbery. The charges arose out of a shooting and robbery allegedly involving defendant and a co-defendant. Following a trial in 2000, at which defendant was represented by attorneys with the Public Defender's Office, a jury convicted defendant of the lesser nonincluded offense of theft, but acquitted him of felony murder and robbery. The jury could not reach a verdict on the charge of first degree murder after deliberation.
>
> In 2001, defendant was retried for first degree murder after deliberation. Again, he was represented by attorneys with the Public Defender's Office. A jury convicted him of the lesser included offense of second degree murder. In September 2001, the district court sentenced him to consecutive terms in prison of forty-eight years for second degree murder and six years for theft.
>
> Another division of this court reversed defendant's conviction, vacated his sentence, and remanded the case for a new trial on the second degree murder charge, concluding that the district court had erred in denying the jury's request to view a trial transcript in the absence of defendant and his counsel. *People v. Love*, (Colo. App. No. 01CA2194, Mar. 25, 2004) (not published pursuant to C.A.R. 35(f)). The mandate was issued on January 25, 2005, and received by the district court the next day.
>
> Following a third jury trial, at which defendant was again represented by Public Defenders, defendant was convicted of second degree murder and sentenced to forty-eight years in the custody of the Department of Corrections.

*People v. Love*, No. 06CA1632 (Colo. App. June 17, 2010) (modified July 22, 2010).

The CCA affirmed the conviction and sentence in the third trial, *id.*, and the Colorado Supreme Court (CSC) denied Applicant's petition for certiorari review, *see Love v. People*, No. 2010SC564 (Colo. June 20, 2011). Applicant then filed a Colo. R. Crim. P. 35(b) postconviction motion on October 24, 2011, that was denied on January 27, 2012. *See* Pre-Answer Resp. ECF No. 11-1, Appx. A at 8-9. Applicant did not appeal the denial, but he did file a petition for relief pursuant to C.A.R. 21 on March 22, 2012, *id.* at 8, that was summarily denied on May 31, 2012, Appx. I.

2

In this action, Applicant asserts:

(1) Right to Speedy Trial Violation;

(2) Burden to Request Counsel;

(3) Right to Self-Representation Violation; and

(4) Prosecutorial Misconduct.

Respondents concede that the action is timely and that Claim Three is exhausted. As for the remaining claims, Respondents contend the claims are procedurally barred.

II. Analysis

The Court must construe liberally the Application and Reply, because Applicant is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. See Hall, 935 F.2d at 1110.

Respondents contend that Applicant did not exhaust Claims One, Two, and Four because either he failed to present these claims to the state courts as a federal constitutional violation or the claims are not cognizable in a federal habeas action. Respondents further contend that the claims now are procedurally defaulted  The Court will discuss each claim in turn as follows.

1. Claim One

Respondents argue Applicant asserts only a violation of Colo. Rev. Stat § 18-1-405 in Claim One and, even if Claim One is construed as raising a federal constitutional claim, Applicant did not fairly present a federal constitutional speedy trial claim in state court. Respondents further argue that only when a delay reaches one year will the

remaining three factors in *Barker v. Wingo*, 407 U.S. 514 (1972), be considered. Finally, because the delay in Applicant's trial was only six months, Respondents contend Applicant could not raise a *Barker* claim, and as a result he was unable to present a federal speedy trial claim in state court.

In his Reply, Applicant argues he fairly presented a federal speedy trial claim because (1) he stated at the beginning of his opening brief on appeal he had a right to a speedy trial under both the Colorado and the United States Constitutions; and (2) one of the cases he cited in his opening brief on appeal, *Coca v. District Court*, 530 P.2d 958 (Colo. 1975), analyzed a right to a speedy trial based on *Barker*.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Connor*, 404 U.S. at 278 (internal

4

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). The "crucial inquiry is whether the "substance" of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Connor*, 404 U.S. at 278.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

With respect to Claim One, "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." *Barker*, 407 U.S. at 522. "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." *Doggett v. United States*, 505 U.S. 647, 651-52 (1992) (quoting *Barker*, 407 U.S. at 530-31) (internal quotations omitted).

Here, Applicant's third trial is at issue. The CCA reversed judgment in Applicant's second trial, vacated Applicant's sentence, and remanded on March 25, 2004. *See People v. Love*, No. 01CA2194 (Colo. App. 2004). Certiorari review was denied on January 18, 2005, *People v. Love*, No. 04SC324 (Colo. Jan. 18,2005), and a mandate was entered on January 26, 2005, Ex. A at 18. Applicant's third trial began on April 20, 2006. *Id.* at 12. The Court finds a question of "presumptively prejudicial"

delay, the triggering enquiry that makes the four-factor test in *Barker* applicable. Further, in the opening brief on appeal Applicant argues he presented his right to a speedy trial, the government was to blame for the delay, and he was prejudiced by the government's delay.

Given that Applicant (1) in his opening brief on direct appeal cited to a state court case, *Coca*,[1] that discussed the right to a speedy trial based on federal constitutional requirements set forth in *Barker*; (2) stated in the opening brief that his U.S. Constitution rights were violated; (3) appears to have been subject to a presumptively prejudicial delay; and (4) raises substantive arguments in the opening brief that address prejudice, presentation of a speedy trial claim at trial, and who is to blame for the delay, the Court finds state courts were on notice of the federal constitutional claim. Claim One, therefore is exhausted.

2. Claim Two

Respondents argue that Claim Two, like Claim One, raises only a question of state statutory law. They further contend that, even if the claim did raise a federal constitutional question, Applicant did not fairly present Claim Two to the state courts, and that, because Applicant raised Claim Two for the first time in his petition for certiorari review, he has not invoked one complete round of Colorado's appellate process. Respondents also contend that, even though Applicant raised Claim Two again after he concluded his direct review, he used an original proceeding under Colo. App. R. 21, which does not constitute a fair presentation of the claim. Finally,

---

[1] Although *Coca* dealt with the right to a prompt filing of charges, the case also discussed the factors of length of delay, prejudice, who is responsible for the delay, and how this pertains to a speedy trial violation.

Respondents conclude that the claim is now procedurally defaulted.

Applicant counters that Claim Two raises a federal constitutional question. He argues that the question before the CSC was about the fundamental fairness of CCA's stated exception to the speedy trial deadlines. Applicant also contends that, because he raised the claim in his motion for reconsideration before the CCA, the CCA had the opportunity to decide the claim before he raised the claim with the CSC, resulting in one complete round of the Colorado appellate process.

Claim Two is not a separate federal constitutional claim. The claim is an argument that should be addressed as part of Claim One. A procedural default, therefore, is not at issue. The Court will consider Applicant's burden to request court-appointed counsel in his third trial as it pertains to the delay in his trial and his alleged speedy trial rights violation.

3. Claim Four

Respondents again argue, as they did in Claims One and Two, that Claim Four raises only a question of state statutory law and that, even if the claim did raise a federal constitutional question, Applicant did not fairly present the claim to the state courts. Respondents contend Applicant supported his claim with state law authority and did not label the claim as a federal constitutional violation. Respondents also contend that although Applicant supported his claim by citing to three state cases, which in turn relied on one United States Supreme Court case, the question in the Supreme Court case was not at issue in Applicant's case.

Applicant counters that the Supreme Court case cited in the three state cases he relied on in his direct appeal is about prosecutorial misconduct, which was at issue in his direct appeal.

Upon review of Applicant's opening brief on direct appeal, the Court finds that Applicant did not present a stand-alone federal prosecutorial misconduct claim. Rather, Applicant, relying on *Hampton v. District Court*, 605 P.2d 54, 57 (Colo. 1989), was attempting to establish a *prima facie* case of prosecutorial bad faith and cause for the delay of the trial. As a result, Applicant argued the state was to blame for the delay in violation of his right to a speedy trial. Again, procedural default is not at issue. The Court will consider the prosecution misconduct claim as it pertains to Applicant's alleged violation of his speedy trial rights.

III. Conclusion

Based on the above findings, the Court will consider the merits of only two claims, the violations of Applicant's rights to a speedy trial and to self-representation. Accordingly, it is

ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the claims as described above. It is

FURTHER ORDERED that within thirty days of the filing of an answer Applicant may file a reply if he desires. It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Case No. 99R4911, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

(1) Clerk of the Court
Denver County District Court
1437 Bannock Street
Denver, Colorado 80202; and

(2) Court Services Manager
State Court Administrator's Office
101 W. Colfax, Ste. 500
Denver, Colorado  80202.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

DATED:   February 11, 2013